No. 98-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 7

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD FRANKLIN SCHOONOVER,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Powder River,

The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew J. Wald, Attorney at Law, Miles City, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General

Jennifer Anders, Ass't Attorney General, Helena, Montana

Submitted on Briefs: November 12, 1998

Decided: January 22, 1999

Filed:

_____

Justice Karla M. Gray delivered the Opinion of the Court.

¶1. Richard Franklin Schoonover (Schoonover) appeals from the order entered by the Sixteenth Judicial District Court, Powder River County, denying his motion to withdraw his guilty plea. We reverse and remand.

*BACKGROUND*¶2. *On September 19, 1997, the State of Montana (State) charged Schoonover by information with committing the offense of felony theft in violation of § 45-6-301(4)(a), MCA. The charge stemmed from Schoonover's alleged misrepresentations to various state agencies in an effort to obtain public assistance benefits. Schoonover pled not guilty to the charge and a trial date was set.*

¶3. Schoonover subsequently signed a written acknowledgment of his rights and entered into a plea agreement with the State in which he agreed to plead guilty to the charge of felony theft and to enter into a written deferred prosecution agreement with the State in a separate action, Cause DC 38-96-299, in which he also was charged with felony theft. In exchange, the State agreed to make no recommendation regarding Schoonover's sentence, to enter into the written deferred prosecution agreement in Cause DC 38-96-299, to offer Schoonover's mother a deferred prosecution for a related conspiracy charge, and to not seek a persistent felony offender designation for Schoonover.

¶4. In October of 1997, Schoonover appeared before the District Court for the purpose of changing his plea to the charge of felony theft to guilty. The court advised Schoonover of his rights and of the consequences of pleading guilty, accepted Schoonover's guilty plea and ordered a presentence investigation report. At the sentencing hearing in December of 1997, the probation and parole officer who prepared the presentence report recommended that the court sentence Schoonover to the maximum term of ten years in prison with seven years suspended. A criminal investigator for the State also testified and endorsed that recommendation. In its concluding remarks, the State recommended that Schoonover "be ordered to serve a certain amount of time" in the Montana State Prison as recommended by the probation and parole officer and, later, restated the substance of that recommendation--namely, ten years in prison with seven suspended--and asked the

District Court to consider the recommendation made by the two witnesses and the State itself.

¶5. In his opening remarks, Schoonover objected to the State's recommendation on the basis that it violated the plea agreement. The District Court responded that it would not consider the State's sentencing endorsement or recommendation in determining Schoonover's sentence and ultimately sentenced Schoonover to the Montana Department of Corrections for a period of ten years, with seven years suspended, together with other conditions.

¶6. On January 9, 1998, Schoonover moved to withdraw his guilty plea, arguing that the State violated the plea agreement. After briefing by both parties, the District Court determined that the State did not materially breach the terms of the plea agreement and denied Schoonover's motion to withdraw his guilty plea. Schoonover appeals.

DISCUSSION¶7. *Did the District Court abuse its discretion in denying Schoonover's motion to withdraw his guilty plea?*

¶8. Schoonover contends the District Court erred in denying his motion to withdraw his guilty plea. Specifically, he contends that good cause existed to withdraw his plea under § 46-16-105(2), MCA, because the State breached the terms of the plea agreement.

¶9. A district court may, for good cause shown, permit a plea of guilty to be withdrawn and a plea of not guilty substituted at any time before or after judgment. Section 46-16-105(2), MCA. Each case must be considered in light of its unique record. State v. Bowley (1997), 282 Mont. 298, 304, 938 P.2d 592, 595 (citation omitted).

¶10. We review a district court's denial of a motion to withdraw a guilty plea to determine if the court abused its discretion. *Bowley*, 282 Mont. at 304, 938 P.2d at 595 (citation omitted). The same three-factor test applies to a trial court's initial determination of whether good cause existed and to this Court's review of whether a trial court abused its discretion in denying a defendant's motion to withdraw a guilty plea:

(1) the adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea;

(2) the promptness with which the defendant attempts to withdraw the plea; and

(3) the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.

*Bowley, 282 Mont. at 304, 938 P.2d at 595 (citations omitted). Each factor must be balanced when considering a criminal defendant's attempt to withdraw a guilty plea. State v. Enoch (1994), 269 Mont. 8, 11, 887 P.2d 175, 177. Any doubt as to whether the guilty plea was voluntary must be resolved in favor of the defendant. Enoch, 269 Mont. at 18, 887 P.2d at 181 (citations omitted).*

**¶11. Neither of the first two factors is at issue in this case. Schoonover concedes that the District Court's interrogation at the time he entered the guilty plea was adequate and the State concedes that Schoonover's motion to withdraw his guilty plea was timely. Thus, the first two factors weigh in favor of the State and Schoonover, respectively (*see* State v. Johnson (1995), 274 Mont. 124, 128, 907, P.2d 150, 152), and we need only review the District Court's conclusion that the State substantially complied with the plea agreement and balance the third factor accordingly.**

**¶12. As discussed above, the third factor in assessing whether a defendant established good cause for the withdrawal of a guilty plea is whether the plea resulted from a plea bargain in which the guilty plea was given in exchange for dismissal of another charge. *See Bowley*, 282 Mont. at 304, 938 P.2d at 595 (citations omitted). The rationale for this factor is our oft-stated determination that we will not lend our assistance to an accused criminal in escaping the obligations of a plea bargain after accepting its benefits. *See Bowley*, 282 Mont. at 310, 938 P.2d at 599 (citation omitted). We also have recognized, however, that a plea agreement presupposes fundamental fairness in the securing of the agreement between the defendant and the prosecutor and, consequently, we have held that prosecutors--as well as defendants-- are bound by the plea agreements they make. *Bowley*, 282 Mont. at 310, 938 P.2d at 599. Indeed, prosecutors must meet strict and meticulous standards of performance relating to plea agreements, because a guilty plea resting on an unfulfilled promise in a plea bargain is involuntary; "[p]rosecutorial violations . . . are unacceptable." *Bowley*, 282 Mont. at 311, 938 P.2d at 599 (citation omitted).**

¶13. In the present case, Schooner argues, the State concedes and we agree that the District Court erred in concluding that the State substantially complied with the plea agreement. As set forth above, the record is clear that--notwithstanding his contractual promise not to make a sentencing recommendation--the prosecutor repeatedly made such a recommendation at the sentencing hearing. On the face of it, pursuant to *Bowley*, this breach of the plea agreement by the prosecutor rendered the guilty plea involuntary and requires that we weigh the third factor in Schoonover's favor. *See Bowley*, 282 Mont. at 312, 938 P.2d at 600.

¶14. The State contends, however, that Schoonover's guilty plea was exchanged for substantial benefits comparable to the dismissal of other charges, including the State's agreement not to seek a persistent felony offender designation for Schoonover and its grant to both Schoonover and his mother of deferred prosecutions on separate felonies. As a result, according to the State, the third factor weighs in its favor. We disagree.

¶15. It is true that, in State v. Radi (1991), 250 Mont. 155, 162, 818 P.2d 1203, 1208, we held that the prosecution's agreement not to pursue a persistent felony offender designation was comparable to having a charge dismissed. It also is clear that--because the deferment period expired--the State can no longer pursue the felony charges for which it granted deferred prosecutions to Schoonover and his mother. Thus, on these facts, we conclude that the deferred prosecution of Schoonover was comparable to the dismissal of another charge and that Schoonover received a direct and substantial benefit therefrom. The State argues that, if we allow Schoonover to withdraw his guilty plea, he will escape the obligation of his agreement after realizing these benefits, in violation of the *Radi* principle that this Court will not lend its assistance to an accused criminal in escaping the obligations of a plea bargain after accepting its benefits.

¶16. It cannot be disputed that allowing Schoonover to withdraw his guilty plea will, in part, permit him to benefit substantially from the plea agreement while, at the same, escaping from his obligation to enter a guilty plea. His obligation, however, was exchanged for the totality of the State's corresponding obligations, which included the agreement not to make a sentencing recommendation. *Bowley* stands for the propositions that a guilty plea based "in any significant degree on an unfulfilled plea bargain is involuntary and subject to vacation. Prosecutorial violations . . . are unacceptable." *Bowley*, 282 Mont. at 311, 938 P.2d at 599 (citation omitted). We

decline to depart from those clearly stated principles. Similarly, we decline the State's implicit invitation to begin parsing the promises made by a prosecutor in a plea agreement to determine how "big" a breach of contract the prosecutor will be permitted before the breach renders a defendant's plea involuntary.

¶17. We conclude that the third factor involved in assessing whether good cause existed for withdrawal of Schoonover's guilty plea weighs in his favor. We hold, therefore, that the District Court abused its discretion in denying Schoonover's motion to withdraw his guilty plea.

¶18. Reversed and remanded for further proceedings consistent with this opinion.


/S/ KARLA M. GRAY



We concur:


/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART