CHIEF JUSTICE GRAY
delivered the Opinion of the Court.
¶1 Dennis F. Micklon (Micklon) appeals from the judgment entered by the Nineteenth Judicial District Court, Lincoln County, on his conviction and sentence for criminal possession of dangerous drugs with intent to distribute. We affirm.
¶2 The issue raised by Micklon is whether the District Court erred in ordering that interest accrue on the unpaid portion of Micklon’s fine.
BACKGROUND
¶3 In February of 2002, the State of Montana (State) charged Micklon by information with felony criminal possession of dangerous drugs with intent to distribute, felony criminal possession of dangerous drugs, misdemeanor criminal possession of drug paraphernalia and four counts of felony use or possession of property subject to criminal forfeiture. The parties subsequently entered into a plea agreement in which Micklon agreed to plead guilty to the offense of felony criminal possession of dangerous drugs with intent to distribute. In turn, the State agreed to dismiss the remaining counts of the information and recommend the District Court impose a 10-year suspended sentence. The plea agreement also provided, inter alia, that Micklon would pay a fine and surcharge totaling $55,000.
¶4 The parties appeared before the District Court and Micklon entered his guilty plea in conformity with the plea agreement. The court accepted the plea and agreed with the State’s recommendation of a 10-year suspended sentence with the $55,000 fine and surcharge. The State requested that Micklon be required to pay the entire $55,000 within one year from the sentencing date. Micklon requested he be allowed to pay the money in annual installments of $11,000. After hearing testimony regarding Micklon’s financial status, the District Court agreed to allow him to pay the $55,000 in five annual installments. As an additional condition of the sentence, however, the court ordered that interest accrue on the balance of the fine at a rate of ten percent per year. The court sentenced Micklon accordingly and entered judgment on the conviction and sentence. Micklon appeals.
STANDARD OF REVIEW
¶5 We review a sentence imposed in a criminal case for legality only, confining our review to whether the sentence is within the parameters *293 set by statute. State v. Benoit, 2002 MT 166, ¶ 18, 310 Mont. 449, ¶ 18, 51 P.3d 495, ¶ 18.
DISCUSSION
¶6 Did the District Court err in ordering that interest accrue on the unpaid portion of Micklon’s fine?
¶7 Micklon contends that the condition of his sentence requiring that interest accrue on the unpaid balance of his fine is illegal because no statutory authority exists for such a condition. The State responds that Micklon waived his right to appeal the issue of whether the District Court could require that interest accrue on his fine because he failed to object to this condition at the time he was sentenced.
¶8 Generally, we will not review issues where the defendant failed to make a contemporaneous objection to the alleged error in the trial court. State v. Brister, 2002 MT 13, ¶ 15, 308 Mont. 154, ¶ 15, 41 P.3d 314, ¶ 15. As Micklon correctly points out, however, we have created an exception to this general rule. Where a defendant alleges that a sentence is illegal or exceeds statutory parameters, we will review the sentence notwithstanding the defendant’s failure to object at the time of sentencing. See, e.g., State v. Lenihan (1979), 184 Mont. 338, 343, 602 P.2d 997, 1000; Brister, ¶ 16; State v. Muhammad, 2002 MT 47, ¶ 23, 309 Mont. 1, ¶ 23, 43 P.3d 318, ¶ 23. Micklon asserts, based on this authority, that he did not waive his right to raise this issue on appeal by his failure to object to the interest condition at the time he was sentenced. We disagree.
¶9 Part of the rationale behind the above-stated exception to the general rule requiring an objection is that, as a practical matter, “a defendant often times must remain silent even in the face of invalid conditions” to guard against the possibility that the sentencing court may forego a more lenient sentence if the defendant objects to one of the conditions. Lenihan, 184 Mont. at 343, 602 P.2d at 1000. In the present case, however, Micklon did not simply remain silent.
¶10 Following Micklon’s testimony regarding his financial status at the sentencing hearing, the District Court asked for his thoughts about having interest accrue on the unpaid balance of his fine as an incentive to pay the fine in a shorter time period. Micklon responded that, although it might create a greater financial burden on him, paying interest would be acceptable to him. Thus, Micklon did not merely remain silent. He affirmatively agreed to the inclusion of the interest condition in his sentence. “We will not put a district court in error for an action in which the appealing party acquiesced or actively *294 participated.” State v. Harris, 1999 MT 115, ¶ 32, 294 Mont. 397, ¶ 32, 983 P.2d 881, ¶ 32.
¶11 We conclude that Micklon waived his right to appeal this issue. As a result, we hold that the District Court did not err in ordering that interest accrue on the unpaid portion of Micklon’s fines.
¶12 Affirmed.
JUSTICES COTTER, REGNIER and RICE concur.