No. 02-217

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 113N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

STUART BEZANSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-01-58
Honorable Jeffrey H. Langton, Presiding

COUNSEL OF RECORD:

        For Appellant:

        Brian C. Smith, Worden, Thane & Haines, Missoula, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

        George H. Corn, County Attorney; T. Geoffrey Mahar,
Deputy County Attorney, Hamilton, Montana

Submitted on Briefs:  November 26, 2002

Decided:  April 25, 2003

Filed:

_____
                   Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Stuart Bezanson (Bezanson) appeals his sentence, contending that the prosecutor failed to adequately support the Plea Agreement at the sentencing hearing and that his Presentence Investigation was deficient. We affirm.

¶3 Bezanson presents two issues on appeal:

¶4 1. Whether the prosecutor adequately supported the Plea Agreement at the sentencing hearing?

¶5 2. Whether the District Court erred in denying Appellant's motion for a new Presentence Investigation?

Background

¶6 In April 2001, the Deputy County Attorney filed an Information against Bezanson charging him with six counts of incest. Bezanson, through his counsel, and the Deputy County Attorney entered into a plea agreement. According to the agreement, Bezanson would plead guilty to a reduced charge of four counts of incest. In return, the State would recommend that Bezanson receive a forty-year sentence with thirty-five years suspended. Ultimately, Bezanson pled guilty to four counts of incest. At Bezanson's sentencing hearing,

Bezanson's counsel moved the District Court for a new Presentence Investigation, which the court denied. At the conclusion of the sentencing hearing, the court entered judgment and sentenced Bezanson to a forty-year term, with twenty years suspended, and restricted his probation until successful completion of both Phase I and Phase II of the Montana State Prison Sex Offender Treatment Program. Bezanson timely appealed his sentence.

Discussion

¶7    The standard of review of discretionary trial court rulings in criminal cases is whether the trial court abused its discretion. *State v. Sullivan* (1994), 266 Mont. 313, 324, 880 P.2d 829, 836.

I

¶8    1.    Whether the prosecutor adequately supported the Plea Agreement at the sentencing hearing?

¶9    As mentioned above, Bezanson and the State entered into a plea agreement whereby Bezanson pled guilty to four counts of incest in exchange for, among other things, the prosecutor's recommendation that Bezanson receive a five-year prison sentence (40 years with 35 years suspended). Bezanson now argues that the prosecutor failed to adequately endorse the plea agreement at the sentencing hearing, which resulted in the District Court sentencing him to twenty years in prison. Bezanson maintains that the prosecutor failed to comply with his duty to meet the "strict and meticulous" standards of both promise and performance relating to plea agreements; therefore, he asks this Court to remand the matter to the District Court for resentencing under the terms of his plea agreement.

3

¶10 This Court has addressed the enforceability of plea agreements on several occasions and has repeatedly held that a plea agreement is a contract between the State and a defendant and is subject to contract law standards. *See State v. Munoz,* 2001 MT 85, ¶ 14, 305 Mont. 139, ¶ 14, 23 P.3d 922, ¶ 14. Prosecutors "must meet strict and meticulous standards of both promise and performance" relating to plea agreements, because a guilty plea resting on an unfulfilled promise in a plea bargain is involuntary and "[p]rosecutorial violations, even if made inadvertently or in good faith to obtain a just and mutually desired end, are unacceptable." *State v. LaMere* (1995), 272 Mont. 355, 359, 900 P.2d 926, 929. *See also State v. Schoonover,* 1999 MT 7, 293 Mont. 54, 973 P.2d 230; *State v. Bowley* (1997), 282 Mont. 298, 938 P.2d 592.

¶11 Bezanson argues for the first time on appeal that the prosecutor's half-hearted endorsement at the sentencing hearing breached the plea agreement. The State correctly points out that Bezanson did not raise this objection in the District Court. On several occasions this Court has announced that it will not consider issues that are not raised before the district court because it is unfair to fault the court on an issue it was never given an opportunity to consider. *See State v. Knox,* 2001 MT 232, ¶ 3, 307 Mont. 1, ¶ 3, 36 P.3d 383, ¶ 3 (citations omitted). Bezanson cites no authority to indicate that an exception to the general rule applies in this case. Therefore, we decline to address this issue because Bezanson did not properly preserve it for appeal.

II

¶12    2. Whether the District Court erred in denying Appellant's motion for a new Presentence Investigation?

¶13    Bezanson alleges that his Presentence Investigation (PSI) was riddled with deficiencies and that the District Court erred in denying him a new PSI. He contends that the District Court's error resulted in an illegal sentence. While Bezanson directs us to the statutory requirements of a PSI located at §§ 46-18-111 and -112, MCA, and asserts that his PSI did not meet these requirements, he fails to support this claim with even one example of noncompliance. In short, his argument is nothing more than conclusory.

¶14    Bezanson, as the Appellant, has the burden of proving that the District Court erred in denying his motion for a new PSI. His failure to support his contentions with citations to the record violate Rule 23(a)(4), M.R.App.P., which provides that "[t]he argument shall contain the contentions of the appellant . . . and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." Bezanson failed to properly raise specific deficiencies in the PSI in his appellate brief, and this Court will not presume what he considered "deficient" about his PSI. *See Allmaras v. Yellowstone Basin Properties* (1991), 248 Mont. 477, 483, 812 P.2d 770, 773 (holding that the Court would not address an issue where appellant failed to comply with Rule 23(a)(4), M.R.App.P.). Therefore, we decline to address this issue. Accordingly, we affirm the District Court.

/S/ W. WILLIAM LEAPHART

5

We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

Justice Terry N. Trieweiler concurring and dissenting.

¶15    I concur with that part of the majority Opinion which declines to address the Defendant's objections to the pre-sentence investigation on the basis that his objections are not stated with sufficient specificity on appeal.

¶16    I dissent from that part of the majority Opinion which declines to address the Defendant's argument that his sentence should be set aside based on the State's violation of its plea agreement with him.

¶17    The majority correctly note that the State is held to strict standards of compliance with plea agreements because a guilty plea based on an unfulfilled promise is in fact involuntary.  However, the majority decline to consider whether the plea agreement in this case was breached by the State because of the Defendant's failure to object to the State's conduct in the District Court.

¶18    We have in the past held that although objections are normally waived when not made in a timely manner in district court, an exception is made for sentences imposed in a criminal case where the sentence is illegal or exceeds statutory parameters.

¶19    In *State v. Brister*, 2002 MT 13, ¶ 16, 308 Mont. 154, ¶ 16, 41 P.3d 314, ¶ 16, we stated that:

> In *State v. Lenihan* (1979), 184 Mont. 338, 602 P.2d 997, we held that "the better rule [is] to allow an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000.  Thus, even if a defendant fails to contemporaneously object at sentencing, we will accept jurisdiction of an appeal that has been timely filed which alleges that a sentence is illegal or exceeds statutory authority.

¶20    In this case, if the State breached its plea agreement with the Defendant, his guilty plea was, in effect, entered involuntarily and his sentence is based on that involuntary plea. The circumstances are at least equal in magnitude to an illegal sentence. Therefore, I would apply the same non-waiver rule.

¶21    Having decided that there is no logical reason for distinguishing between sentences entered following breach of a plea agreement and sentences which are otherwise entered illegally, I would reach the merits of the Defendant's argument and, in doing so, conclude that the State did, in fact, breach its plea agreement with the Defendant Stuart Bezanson.

¶22    As inducement to enter into a plea agreement, the State agreed to recommend that Bezanson be sentenced to four concurrent terms of 40 years with 35 years suspended and commitment to the Department of Corrections for five years. However, in the pre-sentence investigation, the State's probation officer recommended that the Defendant be sentenced to 40 years with only 15 suspended and that he not be eligible for parole for 25 years. The probation officer's recommendation was supported with numerous inflammatory observations. In other words, he recommended that Bezanson be sentenced to five times more prison time than Bezanson assumed the State would recommend when he entered into his plea agreement. I disagree with our previous decisions in *State v. Bowley* (1997), 282 Mont. 298, 938 P.2d 592, and *State v. Sanders*, 1999 MT 136, 294 Mont. 539, 982 P.2d 1015, where this Court has approved circumvention of the plea agreement

through a recommendation by the probation officer inconsistent with the recommendation that the State agreed to make in the plea agreement.

> What sense does it make to pay lip service to the principle that an accused person has a right to rely on material representations made to him or her as an inducement to enter into a plea agreement, but then allow the practical effect of that inducement to be circumvented by permitting another agent of the same government to do just the opposite of what was promised to the defendant? Is there any question whose recommendation the district judge will take more seriously? Because of that practical reality, what benefit did Bowley [Bezanson] get from pleading guilty?

*Bowley*, 282 Mont. at 313, 938 P.2d at 601 (Trieweiler, J., specially concurring).

¶23 Because the State's pre-sentence investigation so substantially departed from the recommendation that the State agreed to make in exchange for Bezanson's guilty plea, I would set aside his current sentence which, in my opinion, was tainted by the State's breach of its agreement, and remand this case to the District Court where Bezanson should have the option of withdrawing his guilty plea or being re-sentenced by a different district judge after the objectionable and offensive recommendation is stricken from the pre-sentence investigation.

¶24 For these reasons, I concur in part and dissent in part from the majority Opinion.

/S/ TERRY N. TRIEWEILER