No. 03-846

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 379N

STATE OF MONTANA,

    Plaintiff and Respondent,

    v.

GERALD ALLEN ANTHONY,

    Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead, Cause No. DC 2003-067(B),
                The Honorable Katherine Curtis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Gerald Allen Anthony (pro se), Deer Lodge, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Mark W. Mattioli,
        Assistant Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney; Dan Guzynski, Deputy Flathead
        County Attorney, Kalispell, Montana

                        Submitted on Briefs:  March 23, 2004

                        Decided:   December 28, 2004

Filed:

        _____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellate Gerald Allen Anthony ("Appellant") appeals from a judgement imposing a sentence according to a plea bargain agreement. Pursuant to the plea bargain, Appellant was sentenced to prison, fined and forfeited $9,000. Several other charges were dismissed as agreed in the plea bargain. Appellant, appearing *pro se*, appeals.

¶3 We restate the following issues on appeal as:

¶4 1. Has Appellant been subjected to Double Jeopardy by virtue of the imposition of both a prison sentence and forfeiture?

¶5 2. Has Appellant been denied effective assistance of counsel through counsel's failure to file an appeal on Appellant's behalf?

¶6 We affirm the District Court's sentence and deny the ineffective assistance of counsel claim.

### FACTUAL AND PROCEDURAL BACKGROUND

¶7 In August 2002 Appellant was charged with one count of criminal possession of dangerous drugs with intent to distribute, two counts of use or possession of property subject to criminal forfeiture, criminal possession of dangerous drugs, and criminal possession of

drug paraphernalia, a misdemeanor.

¶8 In October 2002 Appellant was released on a commercial bond. Within months he was arrested for new drug related offenses including two counts of criminal possession with intent to distribute, two counts of criminal possession of dangerous drugs, use or possession of property subject to criminal forfeiture, and criminal possession of drug paraphernalia, a misdemeanor.

¶9 Appellant was also under investigation for Witness Tampering.

¶10 In July 2003, the parties executed a Pre-Trial Agreement in which Appellant agreed to plead guilty to one count of criminal possession of dangerous drugs with intent to distribute and one count of criminal possession of dangerous drugs–both felonies. In exchange for Appellant's guilty plea the State agreed to recommend to the court a twenty-five year sentence to the Montana State Prison with ten years suspended, a fine, and the forfeiture of $9,000 seized in Cause No. DC-02-309 (B). Furthermore, the State agreed not to charge the alleged Witness Tampering. Appellant, his attorney, and the State signed this plea bargain.

¶11 In August 2003, Appellant's counsel filed a Motion for Release of Property seeking the return of Appellant's property seized as a result of a search warrant. The motion acknowledged Appellant was not entitled to the return of any contraband and the $9,000 in cash which is the subject of this appeal. The property, other than contraband and $9,000, was returned.

¶12 On September 5, 2003, the District Court notified Appellant of his right to apply for sentence review. This notification informed Appellant that he had sixty days from

3

September 5, 2003, to file his appeal. Appellant filed his appeal on October 23, 2003, stating "I contacted my lawyer Dean Knapton on 10-22-03 and he did not know if he wanted to file a motion [sic] for appeal. I had to file this motion [sic] for appeal before my time ran out!"

## STANDARD OF REVIEW

¶13 Ineffective assistance of counsel claims are mixed questions of fact and law. *State v. Herrman,* 2003 MT 149, ¶ 18, 316 Mont. 198, ¶ 18, 70 P.3d 738, ¶ 18. Thus, we review an ineffective assistance of counsel claim *de novo*. *Herrman,* ¶ 18. Appellant's claim of ineffective assistance of counsel on direct appeal is reviewed under the two-prong test enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *E.g., Dawson v. State,* 2000 MT 219, ¶ 20, 301 Mont. 135, ¶ 20, 10 P.3d 49, ¶ 20.

¶14 The test adopted by this Court and set forth in *Strickland* is as follows:

> *Strickland's* two-part test requires that the defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial . . . [to prove prejudice the defendant] must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Internal Citations omitted.]

Dawson, ¶ 20.

¶15 In analyzing ineffective assistance of counsel claims, we must first consider whether the record is sufficient to determine whether counsel was ineffective. *State v. Daniels,* 2003 MT 247, ¶ 41, 317 Mont. 331, ¶ 41, 77 P.3d 224, ¶ 41. "[W]here ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the

4

direct appeal and, conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for post-conviction relief." *State v. White,* 2001 MT 149, ¶ 12, 306 Mont. 58, ¶ 12, 30 P.3d 340, ¶ 12.

¶16    "This Court reviews a criminal sentence for legality only . . . [to determine] whether the sentence is within the parameters provided by statute." *State v. Legg,* 2004 MT 26, ¶ 24, 319 Mont. 362, ¶ 24, 84 P.3d 648, ¶ 24.

## DISCUSSION

### ISSUE 1

¶17    Has the Appellant been subjected to Double Jeopardy by virtue of both a prison sentence and forfeiture?

¶18    The Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution prohibit being placed in jeopardy twice for the same offense.

¶19    Here, Appellant argues that the imposition of both a term of confinement and a forfeiture constitutes Double Jeopardy. Appellant claims this is especially true under Montana's Constitution under which the Double Jeopardy clause provides greater protection than that granted through the United States Constitution.

¶20    The State argues Appellant waived any claims that the forfeiture condition was punitive by his acceptance of the plea bargain agreement. In exchange for Appellant's guilty plea to two felonies, payment of a fine, and forfeiture of the $9,000, the prosecutor recommended a twenty-five year sentence with ten years suspended.

5

¶21 Appellant, appearing *pro se,* has the indulgence of this Court, in that we have demonstrated a willingness to make accommodations for *pro se* parties by relaxing technical requirements which do not impact fundamental bases for appeal. However, a district court decision is presumed correct and it is the appellant who bears the burden of establishing error. *In re Marriage of McMahon*, 2002 MT 198, ¶ 7, 311 Mont. 175, ¶ 7, 53 P.3d 1266, ¶ 7. It is not this Court's obligation to locate authorities or formulate arguments in support of positions taken on appeal. *State v. Flowers*, 2004 MT 37, ¶ 44, 320 Mont. 49, ¶ 44, 86 P.3d 3, ¶ 44.

¶22 Although we agree with Appellant that Montana's Constitutional Double Jeopardy provision provides greater protection than the United States Constitution, *State v. Tadewaldt* (1996), 277 Mont. 261, 268, 922 P.2d 463, 467, Appellant is not entitled to the relief he requests.

¶23 Montana law is clear "[h]e who takes the benefit must bear the burden." Section 1-3-212, MCA; *see also, State v. Micklon,* 2003 MT 45, ¶ 10, 314 Mont. 291, ¶ 10, 65 P.3d 559, ¶ 10, ("[w]e will not put a district court in error for an action in which the appealing party acquiesced or actively participated.") "[T]his Court will not lend its assistance to an accused criminal in escaping the obligations of a plea bargain after accepting its benefits." *State v. Schoonover,* 1999 MT 7, ¶ 15, 293 Mont. 54, ¶ 15, 973 P.3d 230, ¶ 15; § 1-3-207, MCA ("[a]cquiescence in error takes away the right of objecting to it"). Thus, even if Appellant's Double Jeopardy claim was valid, his actions in agreeing to the plea agreement, and accepting the benefit thereof, waives his complaint to its illegality.

¶24    Like the defendant in *Micklon,* Appellant "did not merely remain silent[,]" rather, he "affirmatively agreed" to the condition that the sentencing court imposed. *Micklon,* at ¶ 11. Accordingly, Appellant has waived any claim that the forfeiture condition subjected him to Double Jeopardy.

## ISSUE 2

¶25    Has the Appellant been denied the right to effective assistance of counsel?

¶26    Appellant argues that his counsel was ineffective because he failed to file an appeal in this matter and thus failed to raise the Double Jeopardy issue addressed above.  On September 10, 2003, the District Court filed its Judgment and Sentence.  Appellant filed his appeal on October 23, 2003, stating "I contacted my lawyer Dean Knapton on 10-22-03 and he did not know if he wanted to file a motion [sic] for appeal.  I had to file this motion [sic] for appeal before my time ran out!"

¶27    Because an appeal was timely filed the substance of the appeal is record based and therefore is properly before us on direct appeal.

¶28    The right to effective assistance of counsel is guaranteed by the Sixth Amendment of the United States Constitution and by Article II, Section 24, of the Montana Constitution. We have adopted the two-prong test of *Strickland* in determining ineffective assistance of counsel claims.  *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, ¶ 11, 97 P.3d 1095, ¶ 11. Under the *Strickland* standard, a defendant must show both that the counsel's performance was deficient and that this performance prejudiced the defense and denied the defendant a fair trial such that the result of the proceeding would have been different.  *State v. Daniels,*

7

2003 MT 247, ¶ 21, 317 Mont. 331, ¶ 21, 77 P.3d 224, ¶ 21; *Dawson,* ¶ 20.

¶29     The foregoing procedure is compatible with § 46-20-701(1), MCA, which provides, "[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial."

¶30     Thus, for Anthony to prevail on his ineffective assistance of counsel claim he "must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal–that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith v. Robbins* (2000), 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756.  Anthony must then "show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Smith,* 528 U.S. at 285, 120 S.Ct. at 764.  Counsel's performance cannot be deficient when the issue counsel failed to raise lacks merit. *State v. Osterloth*, 2000 MT 129, ¶ 32, 299 Mont. 517, ¶ 32, 1 P.3d 946, ¶ 32.  Here, we cannot conclude that Anthony was prejudiced by counsel's failure to appeal an issue to which the Defendant, under the advice of counsel, affirmatively agreed to before the District Court.

## CONCLUSION

¶31     Appeal denied.

/S/ JOHN WARNER

8

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ JIM RICE

Justice James C. Nelson specially concurs.

¶32    I concur in our Opinion because I am not persuaded, on the arguments here, that Appellant's double jeopardy claim is meritorious.  I do not agree with the statement in ¶ 23 of our Opinion, however, that "even if Appellant's Double Jeopardy claim was valid, his actions in agreeing to the plea agreement, and accepting the benefit thereof, waives his complaint to its illegality."  I do not believe that a defendant can waive an illegal sentence because such a sentence is void *ab initio*.  *State v. Micklon*, 2003 MT 45, ¶¶ 13-20, 314 Mont. 291, ¶¶ 13-20, 65 P.3d 559, ¶¶ 13-20 (Nelson, J., dissenting).

¶33    With that caveat, I concur.

/S/ JAMES C. NELSON


Justice W. William Leaphart joins in the special concurrence of Justice James C. Nelson.

/S/ W. WILLIAM LEAPHART