

DA 08-0120

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 69N

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

KEALY VAUGHN BESKOON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-07-446
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            James B. Wheelis, Chief Appellate Defender; Helena, Montana

            Edmund F. Sheehy, Jr., Regional Deputy Public Defender; Missoula,
            Montana

        For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Mark W. Mattioli,
            Assistant Attorney General; Helena, Montana

            Fred Van Valkenburg, Missoula County Attorney; Missoula, Montana

Submitted on Briefs:  December 10, 2008

Decided:  March 10, 2009

Filed:

_____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Kealy Vaughn Beskoon ("Beskoon") appeals from the order of the Fourth Judicial District Court, Missoula County, on the grounds that certain conditions of his sentence are illegal.  We reverse.

¶3     Beskoon was issued a citation for careless driving pursuant to § 61-8-302, MCA, and was appointed a public defender who represented him at a jury trial in Justice Court. After the jury convicted Beskoon of careless driving, the Justice Court judge imposed a fine of $100 with all but $50 suspended.  As a condition of the suspended sentence, Beskoon was ordered to pay the following relevant charges: $50 for the cost of prosecution, $426.96 for the cost of the jury, and $80.00 for the testifying officer's overtime pay.  Beskoon's counsel objected to the imposition of the costs of jury, and appealed to the District Court on that ground.

¶4     At the District Court hearing on Beskoon's appeal, Beskoon pled guilty to the careless driving charge, requesting that the District Court review his sentence.  The District Court ultimately re-imposed the sentence Beskoon had received in Justice Court,

2

including the conditions mentioned above, and also included a condition requiring Beskoon to pay public defender fees. In response to the prosecution's recommended sentence, Beskoon, through counsel, objected to the imposition of jury costs, but stated that he was in agreement with the rest of the sentence.

¶5     We review a sentence in a criminal case for legality, determining whether it is within statutory parameters. *State v. Burch*, 2008 MT 118, ¶ 12, 342 Mont. 499, 182 P.3d 66. A sentencing condition is illegal if the sentencing court lacked statutory authority to impose it, if the condition falls outside the parameters set by the applicable sentencing statutes, or if the court did not adhere to the affirmative mandates of the applicable sentencing statutes. This determination is a question of law and, as such, we review the legality of the condition de novo. *State v. Heddings*, 2008 MT 402, ¶ 11, 347 Mont. 169, 198 P.3d 242.

¶6     We review the following issues on appeal:

¶7     1. Did Beskoon waive his objection to the challenged sentencing conditions, foreclosing appellate review?

¶8     2. Did the District Court lack statutory authority to impose the costs of prosecution, officer overtime pay, and public defender fees as conditions of his sentence?

¶9     As a threshold matter, we accept the State's concession that pursuant to our decision in *State v. Morales*, 284 Mont. 237, 943 P.2d 1286 (1997), the District Court's assessment of jury costs upon Beskoon should be stricken. It is therefore unnecessary to address this issue.

3

¶10   Beskoon argues on appeal that the District Court lacked statutory authority to impose the costs of prosecution, officer overtime pay, and the cost of his public defender as conditions of his sentence. The State does not address the merits of Beskoon's argument, rather it asserts that under *State v. Micklon*, 2003 MT 45, 314 Mont. 291, 65 P.3d 559, Beskoon's failure to specifically object to the imposition of the challenged sentencing conditions at the District Court hearing constituted a waiver of that objection, thus precluding appellate review.

¶11   Where a criminal defendant alleges his sentence is illegal or exceeds statutory parameters, we will review that sentence notwithstanding his failure to lodge a contemporaneous objection in trial court. *Micklon*, ¶ 8. However, where the defendant invites or acquiesces to the condition, appellate review is foreclosed. *State v. Erickson*, 2005 MT 276, ¶ 34, 329 Mont. 192, 124 P.3d 119. In *Micklon*, the defendant had personally engaged in substantial dialogue with the court regarding his sentencing, specifically vocalizing his agreement to the sentencing condition he later appeal. We held that his acquiescence and active participation in what he alleged was District Court error effectuated a waiver of his right to appeal the sentencing condition. *Micklon*, ¶¶ 10, 11. In contrast, we held in *Erickson* the fact that the defendant sought clarification from the court regarding the challenged condition did not constitute an invitation to make the condition, in part because it was Erickson's counsel, not Erickson himself, who engaged in the dialogue at issue. *Erickson*, ¶ 34.

4

¶12   In the instant case, the State alleges that several statements by Beskoon's counsel to the effect that he objected only to the condition regarding jury costs constituted affirmative participation in, and acquiescence to, the remaining conditions of the sentence. We disagree. Beskoon did not personally participate during the court's discussion with the attorneys regarding sentencing, and the ultimate effect of his counsel's statements was merely to refrain from objecting to the other conditions. This does not rise to the level of active acquiescence to, or invitation of, the allegedly illegal sentencing conditions. We therefore proceed to a review of the challenged sentencing conditions.

¶13   Beskoon argues that the District Court was without statutory authority to impose costs of prosecution, officer overtime pay, and the cost of his public defender as conditions of his sentence. With regard to the condition that the defendant pay the cost of his public defender, a court only has authority to impose such costs where sentencing pursuant to the provisions of Title 46 (§ 46-8-113(1), MCA). Beskoon was prosecuted, however, under Title 61, not Title 46. Furthermore, § 46-8-113(3), MCA, provides that such costs may not be imposed unless the defendant will be able to pay them. There was no finding by the District Court that Beskoon would be able to pay the cost of the public defender. The sentencing condition regarding the cost of the public defender must therefore be stricken.

¶14   With respect to the sentencing conditions regarding the cost of prosecution and officer overtime pay, § 46-18-232(1), MCA, while not cited by either party, may

arguably provide statutory authority for the imposition of the challenged conditions. However, because the District Court failed to cite any authority for the imposition of those conditions, or to make an inquiry into Beskoon's ability to pay the costs as contemplated by § 46-18-232(2), MCA, those conditions must also be stricken. We reverse and remand to the District Court for proceedings consistent with this opinion.

¶15   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

6