DA 08-0174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 223N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

JERRY SALAZAR,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District,<br>In and For the County of Yellowstone, Cause Nos. DC 03-0652, DC-07-0309<br>Honorable Gregory F. Todd, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender; Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Mark W. Mattioli
            Assistant Attorney General, Helena, Montana

Submitted on Briefs:  May 28, 2009

Decided:  June 30, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jerry Salazar (Salazar) appeals from the final judgment convicting him of sexual assault and bail jumping, sentence, and denial of his motion to withdraw his guilty plea by the Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶3 Salazar argues that the District Court imposed an illegal sentence by requiring him to complete sex offender treatment in prison before becoming eligible for parole. He asks this Court to order the District Court to remove this allegedly illegal condition of his parole eligibility.

¶4 On August 7, 2003, the State charged Salazar with sexual intercourse without consent for raping a 12-year-old girl. Salazar repeatedly sought continuances and reappointment of counsel, while failing to appear for change of plea hearings after agreeing to plead guilty according to a plea agreement. Salazar finally pled guilty under a plea agreement to sexual assault and bail jumping on June 15, 2007. On September 4, 2007, before sentencing, Salazar moved to withdraw his guilty pleas. The District Court denied that motion on November 16, 2007, and sentenced Salazar on February 26, 2008.

¶5  The parties' binding plea agreement reflects that Salazar knew he would not be eligible for parole until he completed phases I and II of sex offender treatment in prison. Salazar's attorneys discussed the parole restriction with him under both the 2005 and 2007 plea agreements. At the change of plea hearing on June 15, 2007, Salazar stated that he understood the terms of the plea agreement and had enough time to think about it.

¶6  We review a criminal sentence for legality only to determine whether the sentence is within statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, 151 P.3d 892; *State v. Micklon*, 2003 MT 45, ¶ 5, 314 Mont. 291, 65 P.3d 559.

¶7  This Court generally refuses to review an issue not objected to in the district court, however, review is possible when a defendant alleges an illegal sentence. *Kotwicki*, ¶ 8; *Micklon*, ¶ 8. In *Kotwicki*, this Court declined to address whether the sentencing court properly considered the defendant's ability to pay before imposing a fine, concluding that the court's failure "constituted an objectionable sentence, not an illegal sentence." *Kotwicki*, ¶ 21. Kotwicki's failure to object to the court's oversight of his ability to pay the fine constituted a waiver that barred this Court from reviewing the issue on appeal. *Kotwicki*, ¶¶ 21-22. This Court has declined to review a defendant's challenge to an agreed upon condition in a criminal sentence: "We will not put a district court in error for an action in which the appealing party acquiesced or actively participated." *Micklon*, ¶ 10 (citation omitted). Moreover, this Court considers challenges to the reasonableness of conditions of probation only when objected to at or before sentencing. *State v. Ashby*, 2008 MT 83, ¶¶ 22-23, 342 Mont. 187, 179 P.3d 1164. That such conditions pass "the threshold question of

3

legality" was implicit in our analysis in *Ashby*. *State v. Stiles*, 2008 MT 390, ¶ 14, 347 Mont. 95, 197 P.3d 966.

¶8     The District Court's restriction on parole eligibility until Salazar completes sex offender treatment was within the court's statutory sentencing authority. Sentencing courts have express statutory authority to restrict parole eligibility while an offender serves time in prison. Section 46-18-202(2), MCA (2003). Although this Court concluded in *State v. Burch*, 2008 MT 118, ¶¶ 24-26, 342 Mont. 499, 182 P.3d 66, that sentencing courts do not have authority to impose conditions on parole, here the District Court did not impose conditions on parole, but rather restricted Salazar's parole *eligibility* until he completed sex offender treatment.[1] Significantly, Salazar agreed to the District Court's parole restriction when he pled guilty according to a plea agreement. We therefore hold that Salazar waived his opportunity to challenge the partial parole restriction by not objecting to the condition in the District Court at or before sentencing.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issue is clearly controlled by settled Montana law.

¶10    Affirmed.

                                        /S/ MIKE McGRATH

---

[1] We note that § 46-18-207(3), MCA (2007), which was in effect at the time of sentencing but not when Salazar committed the offense in 2002, explicitly provides that a convicted sex offender ordered to complete sex offender treatment while in prison is not eligible for parole until completing such treatment.

4

We concur:


/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE