DA 12-0534

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 363N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JEREMY RICHARD WARD,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
                In and For the County of Ravalli, Cause No. DC-11-114
                Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman,
          Assistant Attorney General, Helena, Montana

          William Fulbright, Ravalli County Attorney; Angela Wetzsteon, Deputy
          County Attorney, Hamilton, Montana

                        Submitted on Briefs:  November 5, 2013
                                Decided:  December 3, 2013

Filed:

                _____
                             Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Jeremy Richard Ward appeals from his April 2012 convictions in the Twenty First Judicial District Court of the offenses of aggravated assault and assault with a bodily fluid.  We affirm.

¶3      On September 11, 2011, Ward and his mother attended a party.  Ward was intoxicated and became agitated, turning over furniture and repeatedly striking his mother.  When law enforcement officers responded, Ward resisted arrest by fighting and then spitting.  Ward's mother suffered broken bones in her face, cuts that were stitched closed and bruising on various parts of her body.  A doctor recommended that she have surgery to straighten her nose.

¶4      After trial the jury convicted Ward of aggravated assault and assault with a bodily fluid, and acquitted him of assault on a police officer and resisting arrest.  The District Court subsequently sentenced Ward as a persistent felony offender to thirty five years at Montana State Prison.

¶5      On appeal Ward contends that that the District Court erred by sentencing him as a persistent felony offender without requiring the jury to determine whether he had a prior

felony record, and that the District Court erred by admitting or allowing the jury to consider irrelevant and prejudicial evidence.

¶6      Montana law allows a person convicted of a second felony offense within five years to be sentenced as a persistent felony offender. Section 46-18-501, MCA. The prosecution must give notice of the intent to seek PFO treatment and must specify the prior convictions that support the designation. The accused who objects to the allegations in the notice is entitled to a hearing. Section 46-13-108, MCA.

¶7      In the District Court proceedings Ward never attacked the adequacy of the prosecution's notice that it intended to seek designation as a PFO. Ward never requested a hearing on the identity of his prior felony convictions and admitted to a 2009 conviction for felony driving under the influence. He never attacked the propriety of his designation as a PFO. Moreover, it was clear that Ward's position in District Court was, quite reasonably, that it would be prejudicial to him if the jury knew about his prior record. He successfully moved the District Court to prohibit the prosecution from informing the jury of any evidence of his criminal record.

¶8      Ward failed to raise any issue in District Court as to whether the jury should determine the extent of his prior record. Not only did he fail to raise that issue, he affirmatively took the opposite position by successfully seeking to prohibit introduction of his criminal record. He did not contest the accuracy of his criminal record and does not do so on appeal. He does not explain how he was prejudiced by not having his prior record presented to the jury.

3

¶9　This Court does not consider issues raised for the first time on appeal. Section 46-20-104(2), MCA; *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79. This Court will not reverse a district court based upon alleged error that the defendant acquiesced in or actively participated in. *State v. Micklon*, 2003 MT 45, ¶ 10, 314 Mont. 291, 65 P.3d 559. Ward has not preserved any issue in this regard for appeal and we decline to consider it further.

¶10　Ward contends that the District Court improperly admitted unduly prejudicial evidence. His argument is aimed at what he refers to as Exhibits 16 and 17, which he describes as irrelevant and having prejudicial effect that outweighs any probative value. Those exhibits are two of a series of photographs of Ward's mother depicting the injuries she received from Ward's beating. They were admitted at trial by stipulation. Despite his focus on those two photographs, what Ward seems to actually complain of is that the prosecution's expert used them along with an image of a skull to illustrate the location of the two facial fractures that Ward's mother suffered. Ward failed to preserve the skull demonstration in the record on appeal, which contains only the stipulated Exhibits 16 and 17.

¶11　Ward acknowledges on appeal that his "theory of defense was that his mother had not sustained a serious bodily injury sufficient to sustain a conviction for Aggravated Assault." The State was both entitled and required to prove serious bodily injury at trial, and the exhibits complained of were relevant, probative, and were not unduly prejudicial. Further, the State's expert Dr. Doyle believed that the photos and the demonstration with the skull were necessary to explain the victim's injuries to the jury. Ward was charged

with seriously beating his mother with his fists and the jury was entitled to see and understand the evidence of his handiwork. Ward has not demonstrated that the District Court abused its discretion regarding the trial exhibits and therefore is not entitled to relief on this issue. *State v. Patterson*, 2012 MT 282, ¶ 10, 367 Mont. 186, 291 P.3d 556.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issue regarding the persistent felony offender designation is a legal issue controlled by settled law. The issue regarding admission of evidence is a matter of judicial discretion and there was clearly not an abuse of discretion.

¶13     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON

5