JUSTICE MORRIS
delivered the Opinion of the Court.
¶1 Oliver David Walker (Walker) appeals the sentencing order of the Second Judicial District, Silver Bow County. We affirm.
¶2 Walker raises the following issues for review:
¶3 1. Whether the District Court properly ordered Walker to pay restitution to a bail bondsman as part of his sentence for bail jumping.
*531 ¶4 2. Whether the District Court properly considered uncharged conduct at Walker’s sentencing.
FACTUAL AND PROCEDURAL HISTORY
¶5 Law enforcement officers arrested Walker for burglary and partner family member assault in February 2005. The Justice Court set Walker’s bond for $100,000. Barry Bail Bonds posted the $100,000 bond for Walker’s release from jail on February 26, 2005. Walker charged four credit cards to pay for the $10,000 fee that Barry Bail Bonds charged for this service. Walker also charged a fifth credit card for a $200 cash advance from Barry Bail Bonds. Walker’s credit cards initially cleared but later “unraveled” about a month after his release from jail. Barry Bail Bonds never received payment.
¶6 Walker failed to appear for his arraignment in District Court on March 24,2005. The court issued a warrant for Walker’s arrest. Barry Bail Bonds launched its own search for Walker, tracking him first to a house in Utah and then to Florida. Authorities eventually arrested Walker in Florida and extradited him to Butte.
¶7 The State charged Walker with felony bail jumping in violation of § 45-7-308(1), MCA, based on Walker’s failure to appear for his March 24, 2005, arraignment. Walker pled guilty to the bail jumping charge. The District Court accepted Walker’s plea and ordered a pre-sentence investigation report (PSI).
¶8 Walker objected to portions of his criminal history recited in the PSI, including alleged, uncharged criminal conduct contained in a section of the PSI entitled “Other Pertinent Information.” The PSI noted that Walker allegedly had been the subject of two or more pending criminal investigations. The first investigation concerned the “stolen or fraudulent” credit cards that Walker had used to pay Barry Bail Bonds. The second investigation surrounded allegations by Walker’s estranged wife that Walker had sexually abused her two daughters. Walker argued that the court could not consider the information concerning the pending investigations for the purposes of sentencing because such conduct had not been charged and remained unsubstantiated.
¶9 The court allowed the information in the PSI concerning Walker’s uncharged conduct and considered only the weight of the information. The court sentenced Walker to an eight-year commitment to the Montana Department of Corrections, with three of the eight years suspended. The court also ordered Walker to pay restitution in the amount of $11,150 to Barry Bail Bonds. Walker appeals.
*532 STANDARD OF REVIEW
¶10 We review a criminal sentencing for legality only, determining whether the sentence falls within the statutory parameters. State v. Kuykendall, 2006 MT 110, ¶ 8, 332 Mont. 180, ¶ 8, 136 P.3d 983, ¶ 8.
DISCUSSION
¶11 Whether the District Court properly ordered Walker to pay restitution to a bail bondsman as part of his sentence for bail jumping.
¶12 Walker challenges for the first time on appeal the court’s order requiring him to pay restitution to Barry Bail Bonds. Walker argues that the restitution does not correlate with the underlying crime, and, therefore, is invalid under State v. Ommundson, 1999 MT 16, 293 Mont. 133, 974 P.2d 620. Walker also contends that the restitution order is invalid because Barry Bail Bonds does not qualify as a victim under § 46-18-241, MCA. Walker cites to State v. Lenihan, 184 Mont. 338, 602 P.2d 997 (1979), for the proposition that he may raise these issues for the first time on appeal.
¶13 We generally refuse to review on appeal an issue to which a party failed to object at the trial court. State v. Kotwicki, 2007 MT 17, ¶ 8, 335 Mont. 344, ¶ 8, 151 P.3d 892, ¶ 8. Our decision in Lenihan carved out an exception to the general rule by allowing appellate review of an allegedly illegal sentence even when the defendant raised no objection to the sentence at trial. We recognized that a defendant “often times must remain silent even in the face of invalid conditions” or risk the chance that a judge may impose a stiffer sentence upon raising an objection. Lenihan, 184 Mont. at 343, 602 P.2d at 1000. We deemed it the “better rule to allow an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing.” Lenihan, 184 Mont. at 343, 602 P.2d at 1000.
¶14 The Lenihan rule does not apply, however, in cases where a defendant did not remain silent at sentencing, but, instead, actively acquiesced or participated in the imposition of a condition of sentence. State v. Micklon, 2003 MT 45, 314 Mont. 291, 65 P.3d 559. We held in Micklon that a defendant who had requested installment payments for restitution could not later rely on the Lenihan rule to challenge the court’s imposition of interest on such installment payments. We concluded that the Lenihan rule did not apply in light of the fact that Micklon had “affirmatively agreed to the inclusion of the interest condition in his sentence” by telling the court that he would accept the interest payments. Micklon, ¶ 10.
*533 ¶15 We narrowed the definition of “active acquiescence” for the purposes of invoking the Lenihan rule in State v. Eaton, 2004 MT 283, 323 Mont. 287, 99 P.3d 661. We determined that Eaton’s expression of remorse and willingness to make restitution payments did not rise to the level of active acquiescence or participation in his sentencing condition for the purposes of forestalling appellate review under Lenihan. We allowed appellate review of Eaton’s sentence under the Lenihan rule based on the fact that Eaton’s statements of remorse lacked any request to the trial court for specific sentencing conditions. Eaton, ¶¶ 13-14.
¶16 We decline to apply the Lenihan rule here based on our decisions in Micklon and Eaton. Walker did not merely remain silent at sentencing. His statements to the court also do not reflect general expressions of remorse. Walker instead pronounced his willingness to pay restitution. Walker then used his assertion to bargain for a lighter sentence. Walker first expressed his desire to pay restitution to Parole and Probation Officer Brian Callarman (Callarman), who authored Walker’s PSI report. Callarman testified at Walker’s sentencing that Walker told him that he wanted to pay restitution to Barry Bail Bonds. Walker’s lawyer then asked Callarman on cross examination whether “Mr. Walker would be an appropriate candidate to be placed in a prerelease so he could begin to pay any restitution if the court ordered.” Callarman responded that a pre-release setting would be appropriate for Walker under the circumstances.
¶17 Walker then testified at sentencing that he wanted to pay restitution. Walker testified that he “would like to pay [Barry Bail Bonds] back as quickly as possible.” Walker’s lawyer then argued for Walker’s placement “in a prerelease center” or for a suspended sentence “so that he can be out [of custody] and make the money to pay [Barry Bail Bonds] back.” Walker’s lawyer further explained to the court that a “short-term sentence” would benefit both Walker and the victim, Barry Bail Bonds.
¶18 Walker’s admission to the court that he intended to pay restitution to Barry Bail Bonds would not, by itself, constitute active acquiescence or participation in a sentencing condition. Eaton, ¶ 13. The statement, when taken in context with the entire sentencing transcript, however, shows that Walker requested a lighter, less-restrictive sentence based on his stated desire to pay restitution. Walker’s request constitutes active acquiescence and participation in the court’s imposition of restitution as a sentencing condition. Micklon, ¶ 10; Eaton, ¶ 13. As a result, we conclude that Walker waived his *534 right to raise the restitution issue for the first time on appeal. Micklon, ¶¶ 10-11.

¶19 Whether the District Court properly considered uncharged conduct at Walker’s sentencing.

¶20 Walker argues that the court improperly denied his request to exclude portions of the PSI report that alleged uncharged criminal conduct against Walker. Walker objected to the portion of the PSI report reciting statements made by Walker’s estranged wife and David Wayne Barry of Barry Bail Bonds. The court allowed the statements to remain in the PSI. The court considered the weight of the statements at Walker’s sentencing and assured Walker that his sentence would not be based on those factors. Walker contends on appeal that the statements constitute hearsay upon hearsay and should have been excluded from the PSI report. Walker acknowledges that the rules of evidence do not apply to sentencing hearings. Walker nevertheless argues that due process prohibits the court from “relying on materially false information when sentencing a defendant.” Bishop v. State, 254 Mont. 100, 110, 835 P.2d 732, 738 (1992).
¶21 The rules of evidence do not apply to sentencing hearings. State v. Ferguson, 2005 MT 343, ¶ 109, 330 Mont. 103, ¶ 109, 126 P.3d 463, ¶ 109. A sentencing court may “consider any relevant information relating to the nature and circumstances of the crime, the character of the defendant, the defendant’s background and history, the defendant’s mental and physical condition, and any other information that the sentencing court” deems to have probative force. State v. Harper, 2006 MT 259, ¶ 22, 334 Mont. 138, ¶ 22, 144 P.3d 826, ¶ 22. We have held that the sentencing court may consider “other acts, even those resulting in acquittal or which are dismissed pursuant to a plea bargain agreement.” State v. Mason, 2003 MT 371, ¶ 23, 319 Mont. 117, ¶ 23, 82 P.3d 903, ¶ 23.
¶22 The due process clauses of Fourteenth Amendment to the United States Constitution and Article II, Section 17 of the Montana Constitution protect a defendant from being sentenced based on misinformation. Due process requires that the defendant be given an opportunity to explain, argue, and rebut any information that may lead to the deprivation of life, liberty, or property, including any information contained in a PSI. Mason, ¶ 21. A defendant seeking to overturn a sentence by contesting information in a PSI maintains an affirmative duty to present information establishing inaccuracies. A party’s mere claims of inaccuracies or misinformation within the PSI are insufficient to overturn a sentence. Harper, ¶ 18.
*535 ¶23 Walker fails to support his due process claim with any “exhibits or testimony which would explain or rebut” the information in the PSI. Harper, ¶ 21. Walker called no witnesses at his sentencing to explain or rebut the contested information in the PSI. Walker bypassed the opportunity to cross examine Barry and Callarman, the State’s only witnesses, about any alleged misinformation contained in the PSI. Moreover, Walker never challenged the accuracy of the PSI during his own testimony before the sentencing court. Walker had ample opportunity to explain, argue, or rebut the information in the PSI. Walker points to no evidence or information, and we can find none in the record, that would establish inaccuracies in the PSI. Walker is not entitled to resentencing on due process grounds where there is no information to correct or rebut. Mason, ¶ 22. We conclude that the court properly allowed the uncharged conduct to remain in Walker’s PSI report.
¶24 Affirmed.
CHIEF JUSTICE GRAY and JUSTICE RICE concur.