JUSTICE NELSON,
specially concurring.
¶44 I concur in the Court’s Opinion except that I do not agree with our *126 statement of the standard of review in ¶ 21 of the Opinion. See State v. Stiles, 2008 MT 390, ¶¶ 19-50, 347 Mont. 95, ¶¶ 19-50, 197 P.3d 966, ¶¶ 19-50 (Nelson, J., dissenting).
¶45 As for the Dissent’s concern about the State’s acquiescence in the District Court’s exceeding the scope of our remand (see Dissent, ¶¶ 63-67), I tend to agree with the Chief Justice’s comments. Indeed, I have made these same sorts of arguments in response to opinions of this Court holding that a defendant “acquiesced” in the trial court’s exercise of authority it did not have by imposing an illegal sentence. See e.g. State v. Micklon, 2003 MT 45, ¶¶ 13-22, 314 Mont. 291, ¶¶ 13-22, 65 P.3d 559, ¶¶ 13-22 (Nelson & Trieweiler, JJ., dissenting); Micklon, ¶ 23 (Leaphart, J., dissenting); State v. Walker, 2007 MT 205, ¶¶ 30-40, 338 Mont. 529, ¶¶ 30-40, 167 P.3d 879, ¶¶ 30-40 (Nelson & Warner, JJ., concurring in part and dissenting in part); Walker, ¶ 25 (Cotter, J., concurring); see also State v. Garrymore, 2006 MT 245, ¶¶ 94-101, 334 Mont. 1, ¶¶ 94-101, 145 P.3d 946, ¶¶ 94-101 (Nelson, J., specially concurring). Yet, time and time again, the Court has rejected these arguments, asserting that a trial court may exercise nonexistent authority if the defendant “affirmatively agrees to,” “acquiesces” in, “actively participates” in, “bargains for,” “desires,” “wants,” “requests,” or is “willing” to serve an illegal sentence. Micklon, ¶ 10; Walker, ¶¶ 16-18. Accordingly, I cannot understand the rationale, suggested by the Dissent, that would allow a trial court to impose an illegal sentence if the defendant acquiesces in it, but would deny the trial court the power to undo an illegal sentence if the State acquiesces in the court’s doing so. What we fail to recognize is that the mischief in both approaches is that it is not the statutes and our remand orders which define the trial court’s authority; rather, it is a litigant’s conduct-his “acquiescence”-which gives the court the authority to exercise power which it otherwise would not have.[1] While this approach might be characterized as nonsensical, it is what our *127 jurisprudence permits.
¶46 Finally, I previously raised the same sorts of concerns about trial courts violating remand orders as are now, again, being raised by the Dissent. See In re Marriage of Bartsch, 2007 MT 136, ¶¶ 36-48, 337 Mont. 386, ¶¶ 36-48, 162 P.3d 72, ¶¶ 36-48 (Nelson, J., Gray, C.J., & Rice, J., dissenting). In Bartsch, we remanded to the trial court, directing that court to make specific findings of fact on three issues. The trial court, however, failed to make the specific findings required. See Bartsch, ¶¶ 37, 40-46. Yet, we affirmed the trial court’s remand decision. Bartsch, ¶ 30. We determined that the trial court’s nonspecific findings of fact were “sufficiently clear” for purposes of appellate review. Bartsch, ¶ 18.
¶47 The Court here is simply being consistent in following the Micklon line of cases and Bartsch. Although these are precedents with which I strenuously disagree, I am constrained to follow both. And that will continue to be the case until we overrule the Micklon line of cases and cease glossing over trial courts’ failure to comply with remand orders as we did in Bartsch. It would seem that, as to this case, unfortunately, “What goes around, comes around.”
¶48 With these caveats, I otherwise concur in the Court’s Opinion.

 Justice Morris made essentially this same observation for the Court in Davis v. State, 2008 MT 226, 344 Mont. 300, 187 P.3d 654, when he stated:
The State, by urging this Court to construe the time prescription set forth in § 46-21-102, MCA, as a limit on district courts’ subject matter jurisdiction, asserts that a petitioner may dictate a court’s subject matter jurisdiction on the timeliness of his petition. The Supreme Court has described subject matter jurisdiction, however, as authority that “cannot be expanded to account for the parties’ litigation conduct . . . .” The State fails to identify a provision in either the Montana Constitution or the Montana Code that allows this Court to hinge a district court’s “power” to entertain a post-conviction petition on the timeliness of the petition.
Davis, ¶ 21 (ellipsis in Davis, citation omitted).