DA 13-0812

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 239

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

ROBERT AARON ZUNICK,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DC 12-94
                  Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Mathew M. Stevenson, Attorney at Law, Missoula, Montana

       For Appellee:

            Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
            Attorney General, Helena, Montana

            Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

                          Submitted on Briefs:  July 30, 2014
                                Decided:  September 9, 2014

Filed:

                                _____
                                       Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    In February 2012, Robert Zunick was charged with felony criminal endangerment and misdemeanor aggravated driving under the influence. In June 2012, he entered into a plea agreement with the State, pleading guilty to both counts. The Fourth Judicial District Court entered Judgment on September 17, 2012. The court declined to adopt the sentence recommendation contained in the plea agreement. On September 17, 2013, Zunick moved to withdraw his guilty plea. The District Court denied the motion. Zunick appeals. We vacate Zunick's sentence and remand in accordance with this Opinion.

## ISSUE

¶2    Did the District Court err when it did not provide Zunick the opportunity to withdraw his guilty plea at sentencing pursuant to § 46-12-211(4), MCA, and in subsequently denying Zunick's motion to withdraw his plea?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    On February 14, 2012, officers with the Missoula County Sheriff's Department responded to a call of a possible impaired driver on Highway 93 near Bird Lane. Upon arriving at the location, officers found Zunick and his vehicle in a roadside ditch. Zunick displayed signs of intoxication and admitted to being drunk. At the detention center Zunick's blood alcohol measured 0.202. He was charged with felony criminal endangerment and aggravated driving under the influence, a high misdemeanor. This was his third DUI. Zunick pleaded not guilty to both counts on March 13, 2012.

¶4    On June 19, 2012, and after obtaining counsel, Zunick entered into a plea agreement pursuant to § 46-12-211(1)(b), MCA, under which the State agreed to seek a sentence of six

2

years, three years suspended, for the criminal endangerment charge and one year with all but time served suspended for the DUI charge. Zunick was entitled to recommend any sentence allowed by law and intended to seek a deferred sentence. Standard conditions of supervision, as well as some special conditions, were included in the agreement.

¶5 According to the terms of the plea agreement, Zunick understood that the District Court was not bound by the Agreement and had the authority to impose the maximum penalty for the offenses charged, but if the court chose not to follow the plea bargain, Zunick would be "so informed and allowed to withdraw [his] plea(s) of guilty." The District Court conducted a change of plea hearing on the day the plea agreement was signed, accepted Zunick's guilty pleas, and ordered a presentence investigation (PSI). The PSI report supported the State's sentence recommendation and recommended against a deferred sentence. The PSI also recommended that Zunick be placed in the Missoula Intensive Supervision Program.

¶6 On September 4, 2012, the District Court held a sentencing hearing at which both Zunick and his counsel argued for imposition of a deferred sentence. The State, as agreed, recommended a six year commitment to the Department of Corrections, with three years suspended. The court sentenced Zunick to 10 years suspended with the conditions included in the plea agreement. The court then asked if Zunick had any questions about the imposed conditions and whether Zunick agreed with the sentence imposed by the court. Zunick had no questions and stated that he agreed with the court's sentence. The District Court issued its written order of judgment on September 17, 2012.

¶7 On September 17, 2013, Zunick moved to withdraw his guilty plea alleging that the District Court failed to comply with § 46-12-211(4), MCA. Section 46-12-211(4), MCA, provides:

> If the court rejects a plea agreement of the type specified in subsection (1)(a) or (1)(b), the court shall, on the record, inform the parties of this fact and advise the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw the plea, and advise the defendant that if the defendant persists in the guilty or nolo contendere plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Zunick argued that he did not understand at the time his sentence was imposed that his ten-year suspended sentence constituted a rejection of the plea agreement. He asserted that the District Court had not informed him that it was rejecting the agreement and had not offered him the opportunity to withdraw his guilty plea. Zunick maintained that the court's error constituted good cause to withdraw his plea.

¶8 On October 28, 2013, the District Court denied Zunick's motion. The court noted that Zunick's ten-year suspended sentence was both more severe and more lenient than the State's recommended six-year sentence—more severe because it was four years longer and less severe because it did not require any incarceration time. Additionally, while acknowledging that a "better record" could have been made memorializing Zunick's acceptance of the sentence, the court concluded that a "fair reading of sentencing proceedings, giving precedence to substance over form, leads to an inescapable conclusion that [Zunick] understood the decision and knowingly and intelligently agreed to accept it."

¶9 Zunick filed a timely appeal.

## STANDARD OF REVIEW

4

¶10    The District Court's denial of Zunick's motion to withdraw his guilty plea was based upon the court's interpretation of § 46-12-211, MCA. We review a court's conclusions of law and interpretation of statutes de novo for correctness. *State v. Petersen*, 2011 MT 22, ¶ 8, 359 Mont. 200, 247 P.3d 731.

## DISCUSSION

¶11    *Did the District Court err when it did not provide Zunick the opportunity to withdraw his guilty plea at sentencing pursuant to § 46-12-211(4), MCA, and in subsequently denying Zunick's motion to withdraw his plea?*

¶12    The parties do not dispute that the plea agreement between Zunick and the State was a "(1)(b)" agreement, meaning that it was entered pursuant to § 46-12-211(1)(b), MCA. Under this statute, the prosecutor and the defendant may enter into a plea agreement under which a prosecutor agrees that a specific sentence is the appropriate disposition of the case. As noted above, if the court rejects a (1)(b) agreement, the provisions of § 46-12-211(4), MCA, obligate the court to: (1) inform the defendant that it is rejecting the plea agreement; (2) advise the defendant that the court is not bound by the plea agreement; (3) afford the defendant the opportunity to withdraw his guilty plea; and (4) advise the defendant that if he persists in the guilty plea, the disposition of the case may be less favorable to him than that contemplated by the plea agreement. Zunick maintains the court failed to comply with this provision at the sentencing hearing, and that it erred in denying his subsequent motion to withdraw his plea.

¶13    The State counters that the District Court expressly informed Zunick at his change of plea hearing that it was not bound by the plea agreement and that Zunick could withdraw his guilty plea if the court chose to diverge from the sentence outlined in the plea agreement.

5

Zunick acknowledged his understanding. The State further argues that at Zunick's sentencing hearing, the court "explained its reasoning for departing from the terms of the plea agreement, with the primary concern being Zunick's daughter," and asked Zunick if he agreed. Zunick stated he did. Additionally, the State argues that the court complied with the statutory requirements when it sentenced Zunick to a fully suspended sentence, which "is precisely the type of sentence his attorney argued for" at sentencing. The State therefore concludes that Zunick's request to withdraw his guilty plea constitutes a "change of heart" but not good cause.

¶14    In reply, Zunick asserts that his confusion at sentencing stemmed, in part, from not knowing how the court's suspended sentence differed from the deferred sentence referenced in the plea agreement, other than in length. Zunick understood that at the time of sentencing both he and his counsel argued for a deferred sentence. Appellate counsel for Zunick acknowledges, however, that trial counsel misspoke at the sentencing hearing when she stated "I guess what we would be asking of the court as outlined in our sentencing memorandum, is to consider either a fully suspended sentence with [Intensive Supervision Program], if that's what the court so orders." Appellate counsel maintains that this was a "momentary misstatement, and from the beginning, Zunick's counsel was pursuing a deferred imposition of sentence – on his behalf."

¶15    It is undisputed that the court informed Zunick at the June change of plea hearing that it was not bound by the plea agreement and if it chose to reject the agreement, it would inform Zunick and allow him the opportunity to withdraw his guilty plea. At the sentencing hearing conducted 10 weeks later, however, the court did not tell Zunick that it was rejecting

6

the plea agreement nor did it offer Zunick an opportunity to withdraw his guilty plea. At neither hearing did the court explain to Zunick that if he persisted in his plea of guilty, the disposition of the case could be less favorable than that provided in the plea agreement.

¶16    The question before us is one of first impression. We have not been previously called upon to analyze the sufficiency of a § 46-12-211(4), MCA, colloquy, or to decide at what point in the proceedings the colloquy must occur. What we must determine is whether a district court is required to recite all requirements set forth in § 46-12-211(4), MCA, at the time it rejects a § 46-12-211(1)(b), MCA, plea agreement, or whether partial recitation of the requirements at different hearings is adequate. The wording of the statute answers the question. It provides that "[i]f the court rejects a plea agreement . . . the court shall, on the record, inform the parties of this fact" and provide the ensuing advisories. Clearly, the statute compels the giving of the advisory on the record at the time the plea agreement is actually rejected, and not before. The office of this Court is to ascertain and declare what is contained in a statute. Section 1-2-101, MCA. The statute can reasonably be interpreted in only one way.

¶17    The court told Zunick at the change of plea hearing that if it decided not to honor the plea agreement, it would let him know and give him a chance to think about it, and let him withdraw his plea if he wanted to do so. Nonetheless, when the court actually rejected the plea agreement over two months later at sentencing, it did not give Zunick the options promised at the change of plea hearing, nor did it comply in any respect with the requisites of § 46-12-211(4), MCA.

¶18    We reject the notion that the statute has been satisfied when a district court advises a defendant of the consequences of its possible rejection of a plea agreement in part at the change of plea hearing and then in part at a later sentencing hearing. We hold that the full statutory advisory required by § 46-12-211(4), MCA, must be given at the time the court notifies the defendant that it is rejecting the plea agreement, as the statute affirmatively requires.

¶19    Because the District Court departed from the plea agreement without providing Zunick with the full advisory required under § 46-12-211(4), MCA, we must vacate his sentence.

## CONCLUSION

¶20    For the foregoing reasons, we vacate Zunick's sentence and reverse and remand this matter to the District Court with instructions to conduct another sentencing hearing. If the court accepts the plea agreement at this hearing, the court shall sentence Zunick within the terms set forth in the plea agreement. If the court rejects the plea agreement again, it must issue the full statutory advisement and give Zunick the opportunity to withdraw his guilty plea.

/S/ PATRICIA COTTER

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT


Chief Justice Mike McGrath, dissenting.

8

¶21 I dissent. At the sentencing hearing on September 4, 2012, Zunick stated he agreed with the ten-year suspended sentence imposed by the District Court. He stated he understood he could be sentenced to ten years in prison for violating the terms of that suspended sentence. He stated he had reviewed the recommended conditions listed in the presentencing investigation report, and had no questions about them. On March 26, 2013, Zunick violated the conditions of his suspended sentence by driving without the authorization of his probation officer, although a petition for revocation was not filed at that time. On May 24, 2013, Zunick moved to modify the condition prohibiting him from driving without authorization. The motion was denied June 18, 2013. Zunick did not move to withdraw his plea until September 17, 2013, after he had already violated a condition of his sentence and failed in his attempt to have that condition modified.

¶22 Zunick acquiesced in the sentencing proceedings and took advantage of the benefits of a completely suspended sentence for a full year before moving to withdraw his plea. Zunick was not in any way coerced or misled with respect to the consequences of his plea. He simply found the conditions advantageous, until he didn't. I would affirm the order of the District Court denying Zunick's motion to withdraw plea.

/S/ MIKE McGRATH