DA 15-0074

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 311N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ERNEST FERNANDEZ,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause Nos. DC-05-309, DC-13-430, and DC-13-431
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Chief Appellate Defender, Haley Connell, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

          Kirsten Pabst, Missoula County Attorney, Shaun Donovan, Deputy County Attorney, Missoula, Montana

Submitted on Briefs: October 19, 2016

Decided: November 29, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion for the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Ernest Fernandez appeals the multiple judgments of the Fourth Judicial District, Missoula County, revoking his suspended sentence on a felony incest conviction, and conviction and sentencing for felony failure to register as a sexual offender and felony issuing bad checks. We address whether the District Court erred by rejecting Fernandez's plea agreement by imposing restitution. We affirm.

¶3     In February 2006, Fernandez was convicted of felony incest and sentenced to twenty years to the Department of Corrections with sixteen years suspended. In August 2013, the State filed a petition to revoke his suspended sentence and charged Fernandez with failing to register as a sexual offender in violation § 46-23-504, MCA, and issuing bad checks in violation of § 45-6-316, MCA. In December 2013, Fernandez entered an open plea of no contest to the issuing bad checks charge. The District Court advised Fernandez, and he acknowledged he understood, that "if you enter a no contest plea here today, that's effectively a guilty plea and that allows me to sentence you." Fernandez also signed a written Plea of Guilty and Waiver of Rights in which he expressly acknowledged: "[T]he [District] Court may order me to pay restitution." In January 2014, Fernandez and the State entered into a global plea agreement, pursuant to

2

§ 46-12-211(1)(b), MCA, ((1)(b) plea agreement) that included all three charges, and listed "$00.00" for restitution in the Fines and Fees Description chart. The District Court followed the (1)(b) plea agreement regarding sentencing, but ordered Fernandez to pay $2,731.17 in restitution and a 10% administrative fee as recommended by the pre-sentence investigation (PSI). At sentencing, Fernandez did not object to either the PSI's recommended restitution or the District Court-ordered restitution. When asked whether he was willing and able to pay restitution, Fernandez replied: "I can get that paid off within the next two years . . . And I would like to pay back restitution . . . ."

¶4      Fernandez argues the District Court rejected the (1)(b) plea agreement by imposing restitution greater than "$00.00" and did not give him the opportunity to withdraw his guilty pleas and admissions, thus erring by not adhering to § 46-12-211(4), MCA, for rejecting a (1)(b) plea agreement. The State argues the District Court did not reject the plea agreement and § 46-12-211(4), MCA, was not triggered, because the plea agreement simply modified Fernandez's December open plea as to the term of imprisonment the State could recommend. The State also argues Fernandez acquiesced and actively participated in imposing restitution as a condition of suspending his sentence for issuing bad checks, and failed to object to the restitution order despite multiple opportunities during sentencing. The State contends Fernandez waived his right to raise the issue of restitution for the first time on appeal because, not only did he fail to object to the imposition of restitution at sentencing, he unambiguously pronounced he would pay restitution.

3

¶5     We review a criminal sentence for legality only, determining whether the sentence falls within the statutory parameters. *State v. Walker*, 2007 MT 205, ¶ 10, 338 Mont. 529, 167 P.3d 879 (citing *State v. Kuykendall*, 2006 MT 110, ¶ 8, 332 Mont. 180, 136 P.3d 983).

¶6     A (1)(b) plea agreement provides that the prosecutor agrees that a specific sentence is the appropriate disposition of the case. Section 46-12-211(1)(b), MCA. If the court rejects a (1)(b) plea agreement, then § 46-12-211(4), MCA, obligates the district court to: (1) inform the defendant that it is rejecting the plea agreement; (2) advise the defendant that the court is not bound by the plea agreement; (3) afford the defendant the opportunity to withdraw his guilty plea; and (4) advise the defendant that if he persists in the guilty plea, the disposition of the case may be less favorable to him than that contemplated by the plea agreement. *State v. Zunick*, 2014 MT 239, ¶ 12, 376 Mont. 293, 339 P.3d 1228. We agree with the State that Fernandez never objected to the imposition of restitution as a condition of his issuing bad checks sentence, and therefore waived his right to raise the restitution issue for the first time on appeal. *Walker*, ¶ 13 ("We generally refuse to review on appeal an issue to which a party failed to object at the trial court). Moreover, Fernandez pronounced his ability and willingness to pay restitution, constituting a waiver of his argument that the imposition of restitution is a rejection of his plea agreement that should trigger § 46-12-211(4), MCA, procedures. *Walker*, ¶¶ 16-18 (citing *State v. Eaton*, 2004 MT 283, 323 Mont. 287, 99 P.3d 661, and *State v. Micklon*, 2003 MT 45, 314 Mont. 291, 65 P.3d 559); *State v. Harris*, 1999 MT 115, ¶ 32, 294

4

Mont. 397, 983 P.2d 881 ("We will not put a district court in error for an action in which the appealing party acquiesced or actively participated.").

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We conclude that Fernandez waived his right to raise the restitution issue for the first time on appeal. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE