FILED

09/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0501

DA 15-0501

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 219N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MARK ALAN BENJAMIN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DC 13-68
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad M. Wright, Chief Appellate Defender, Chad R. Vanisko, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

          Terryl Matt, Interim Glacier County Attorney, Cut Bank, Montana

Submitted on Briefs:  June 14, 2017

Decided:  September 5, 2017

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mark Alan Benjamin (Benjamin) appeals from a judgment issued by the Ninth Judicial District Court, Glacier County. We affirm.

¶3 Benjamin pleaded guilty to felony theft of property by embezzlement and admitted to stealing more than $10,000 in grain from his employer, David Broberg (Broberg), over a period of years. Benjamin used the proceeds from selling the grain to purchase cars and snowmobiles, which he would then resell, and wrote checks for cash. On March 3, 2015, the District Court held a restitution and sentencing hearing and ordered Benjamin pay restitution totaling $476,179.66 to Broberg. Towards that end, the District Court ordered Benjamin transfer four assets to Broberg: a patronage account held by Benjamin at Cenex Harvest States; $1,248.11 seized from Benjamin's personal checking account at Stockman Bank; a debt owed to Benjamin by Kevin Racine; and a blue, 1996 Chevrolet pickup truck. Benjamin, through counsel, agreed to the transfers and requested he receive credit toward the restitution amount. Accordingly, the District Court's judgment specified that the $1,248.11, Kevin Racine's debt, and one-half of the value of the blue, 1996 Chevrolet pickup truck be credited toward the restitution amount. On June 9, 2015, the District Court held a continuation of the restitution and sentencing hearing to discuss

2

Benjamin's status as a persistent felony offender. During this subsequent hearing, Benjamin stipulated to the amount of restitution and confirmed with the District Court that the transfers "stay the same." On appeal, Benjamin contends the District Court lacked authority to transfer the four assets.

¶4 The issue raised on appeal is whether Benjamin waived his right to appeal his sentence by agreeing to transfer the four assets to Broberg instead of objecting to it.[1] We generally refuse to review on appeal an issue which a party has failed to object to at the trial court. *State v. Walker*, 2007 MT 205, ¶ 13, 338 Mont. 529, 167 P.3d 879; citing *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892. There is a narrow exception to this general rule which allows appellate review of sentences that are allegedly illegal or exceed statutory mandates even if no objection is made at the time of sentencing. *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). This exception does not apply where a defendant "actively acquiesced or participated in the imposition of a condition of sentence." *Walker*, ¶ 14; citing *State v. Micklon*, 2003 MT 45, ¶ 10, 314 Mont. 291, 65 P.3d 559.

¶5 Here, Benjamin contends that the District Court lacked authority to order the asset transfers. However, Benjamin did not object at the restitution and sentencing hearing. Benjamin agreed to transfer each of the four assets to Broberg as long as he got "credit

---

[1] Additionally, Benjamin argues that the District Court exceeded its authority by imposing conditions on a suspended sentence. However, the District Court did not suspend any portion of Benjamin's sentence. The challenged conditions upon a non-existent probationary term or suspension will have no effect on Benjamin. Section 46-20-701(2), MCA, provides, "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Accordingly, there is no need to amend Benjamin's judgment, which, by its terms, does not provide a period of suspension that would implicate the challenged conditions.

towards the amount [of restitution]." At the continuation of the restitution and sentencing hearing, Benjamin received an additional opportunity to object to the transfers. Instead, Benjamin clarified that the agreed upon transfers would remain unchanged by the proceeding. By agreeing to transfer the four assets if he received credit, Benjamin "actively acquiesced or participated in" the transfers and the narrow *Lenihan* exception does not apply. Benjamin waived his right to appeal this issue by failing to object to it at the trial court.

¶6      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression and does not establish new precedent or modify existing precedent.

¶7      Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

4