FILED

06/30/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0391

DA 18-0391

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 168N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JAMES BLAKE CONN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2017-240
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Kristina L. Neal, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney, Ann Penner, Deputy County Attorney, Helena, Montana

Submitted on Briefs:  June 3, 2020

Decided:  June 30, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    James Conn (Conn) appeals from the February 15, 2018 Findings of Fact, Conclusions of Law and Order on Motion to Withdraw Guilty Plea of the First Judicial District Court, Lewis and Clark County, denying Conn's post-plea motion to withdraw his guilty plea and the Judgment and Commitment entered on May 15, 2018. We affirm.

¶3    On June 13, 2017, Conn was charged with Count I sexual intercourse without consent against four-year-old K.L. and Count II sexual intercourse without consent against three-year-old N.R. The State alleged these offenses occurred "between on or about August 1, 2016 to on or about March 19, 2017." On that same date, in a separate case filing, he was also charged with sexual intercourse without consent against a seventeen-year-old woman.

¶4    Conn was seventeen years old on August 1, 2016 and turned eighteen on September 30, 2016. Neither the State nor Conn filed a motion to set the matter for a Youth Court transfer hearing. Conn was appointed experienced defense counsel, Steven Scott, at that time a public defender working in the Major Crimes Unit. Scott appeared with Conn at his arraignment and later secured Conn a substantial bond reduction.

¶5   On September 14, 2017, while awaiting the final pretrial conference, Scott informed Conn of a plea offer from the State of 100 years with a 15-year parole restriction and dismissal of the companion case.  Conn rejected this offer.  Shortly thereafter, the State offered a plea deal of 100 years with a 10-year parole restriction.  Conn also rejected this offer.  On September 18, 2017, Conn signed an Acknowledgment of Waiver of Rights by Plea of Guilty, agreeing to a 7-year parole restriction.[1]  The acknowledgment of rights set forth rights Conn was waiving—the right to persist in a not guilty plea, the right to a trial, the right to have witnesses testify on his behalf, the right to confront and cross examine witnesses against him, the right to require his guilt to be proven beyond a reasonable doubt, and his right not to be compelled to incriminate himself—as well as the maximum and minimum possible penalties.  The acknowledgment also sets forth the lesser included offense of sexual assault.

¶6   Further, Conn acknowledged he was not suffering from any emotional or mental disability, he fully understood what he was doing, had ample time to prepare a defense , he was satisfied with the services of his attorney, specifically stating, "I am satisfied that my lawyer has been fair to me, has advised me fully of my rights and has represented me properly."  Before accepting his guilty plea to Count I on September 21, 2017, the District

---

[1] This document clearly sets out the agreement between the parties: Conn will plead guilty to Count I, sexual intercourse without consent.  In exchange, Count II, sexual intercourse without consent, will be dismissed.  In addition, the companion case, Cause No. CDC-2017-239, will be dismissed.  The State will recommend for Count I a sentence of 100 years with a 7-year parole restriction.  Defendant may argue for any sentence he wants, but it will include a 7-year parole restriction.  He will not be allowed to withdraw his guilty plea if the court rejects the agreement.

Court again informed Conn of his rights and the rights he would be giving up if he pled guilty, verified that he had reviewed the acknowledgment of waiver of rights with his attorney, that he fully understood the acknowledgment, and that he had signed the acknowledgment. Conn then pled guilty to Count I and admitted the factual elements of the offense–"On or between August 30, 2016, through March 2017, I knowingly caused KL to place her mouth on my genitalia."

¶7    Subsequent to the plea change hearing, Conn wrote the District Court asserting he desired to file a motion to change his plea. The court encouraged him to cooperate with his attorney. Thereafter, he sent the court a second letter. Following a hearing to determine the status of the relationship between Conn and Scott, the court ordered new counsel be assigned for Conn. Conn's new counsel, Randi Hood, then filed a motion to withdraw Conn's guilty plea, asserting Conn should be permitted to withdraw his guilty plea as he "did not understand that he had the right to go to trial even if his attorney thought it was an unwise course of action." Conn's motion to withdraw his guilty plea made no mention of his understanding of his right to a Youth Court transfer hearing. On February 5, 2018, the District Court held hearing on Conn's motion to withdraw his guilty plea. Following hearing, the District Court denied Conn's motion to withdraw his guilty plea. The District Court held a sentencing hearing March 15, 2018, and sentenced Conn to 70 years at Montana State Prison, with 35 years suspended.

¶8    Conn now asserts the District Court violated its statutory duty to ensure Conn's guilty plea was made knowingly, voluntarily, and intelligently and asserts counsel rendered

ineffective assistance when counsel failed to inform Conn of his right to a transfer hearing and the protections and sentences offered by the Youth Court Act.

¶9 This Court reviews a District Court's conclusions of law for correctness. *State v. Zunick*, 2014 MT 239, ¶ 10, 376 Mont. 293, 339 P.3d 1228. We review its determination of voluntariness in plea agreements de novo. *State v. Lone Elk*, 2005 MT 56, ¶ 10, 326 Mont. 214, 108 P.3d 500. We review claims of ineffective assistance of counsel de novo. *State v. Ward*, 2020 MT 36, ¶ 15, 399 Mont. 16, 457 P.3d 955.

¶10 Prior to sentencing, Conn claimed his plea was not voluntary as his counsel, Scott, pressured him into pleading guilty. The ultimate test for withdrawal of a plea is voluntariness.[2] *Lone Elk*, ¶ 14. Here, the District Court thoroughly considered the voluntariness of Conn's plea, finding the only circumstance weighing in favor of serious consideration of his claim he was wrongly induced to plead guilty was his relatively young age—nineteen at the time he entered his guilty plea. The court thoroughly considered and weighed the evidence including Conn's consideration and rejection of prior plea offers, his request for more time to consider the State's last plea offer, the large benefit to him of the plea—dismissal of two other charges of sexual intercourse without consent—his written and verbal acknowledgments of understanding his rights, not suffering from any mental or emotional disability, his full understanding of the agreement, and his satisfaction with the

---

[2] Encompassed in the "voluntariness" of a plea are the concepts of knowingly and intelligently. A plea is not voluntary unless the defendant is fully aware of the direct consequences, including the actual value of any commitments made to him by the court, the prosecutor, or his own counsel— i.e. made knowingly and intelligently. *Lone Elk*, ¶¶ 21-22.

services of his attorney. Weighing the totality of the circumstances, the court found Conn's entry of a guilty plea to be made voluntarily without undue pressure from Scott. The factual findings of the District Court were supported by the record and were not clearly erroneous and its conclusions of law as to whether Conn's plea was made knowingly, voluntarily, and intelligently were correct.

¶11 On appeal, Conn now asserts a new theory—his plea was not voluntary as the District Court failed to conduct a Youth Court transfer hearing, advise him different sentencing options may apply based on the Youth Court Act, and failed to require specific reports required by the Youth Court Act at sentencing. Conn requests we, in essence, undertake plain error review and the State asserts Conn has waived these issues by his failure to raise them before the District Court.

¶12 Conn now asserts that since he was seventeen years old during a portion of the time frame of the offense, he was entitled to the statutory procedural rights afforded under the Youth Court Act, including a transfer hearing and relief from the mandatory minimum sentence. The State counters Conn has not established he possessed a vested interest in having a transfer hearing when he turned eighteen during the time period for which he pled guilty to committing sexual intercourse without consent of K.L. The State further asserts failure to consider application of the Youth Court Act would not result in manifest miscarriage of justice as the State would have simply amended the charge to reflect dates after Conn's eighteenth birthday had he raised this issue at the District Court level.

6

¶13 Generally, we do not consider issues raised for the first time on appeal as it is fundamentally unfair to fault a lower court for failing to correctly rule on an issue it was never given the opportunity to consider. *State v. Whalen*, 2013 MT 26, ¶ 37, 368 Mont. 354, 295 P.3d 1055. Plain error review is an exception to this general rule. We invoke plain error review sparingly, on a case-by-case basis, considering the totality of the circumstances. When a criminal defendant's fundamental rights are invoked, we may choose to review a claim under the plain error doctrine where failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the proceedings, or may compromise the integrity of the judicial process. *State v. Akers*, 2017 MT 311, ¶¶ 10, 13, 389 Mont 531, 408 P.3d 142.

¶14 Here, Conn failed to request a transfer hearing or otherwise raise any issues regarding application of the Youth Court Act prior to this appeal. Conn has not shown how failure to consider application of the Youth Court Act would result in a manifest miscarriage of justice in light of the State's ability to have amended the charge to reflect dates only after Conn's eighteenth birthday. Further, Conn pled guilty to the sexual intercourse without consent charge specifically admitting to engaging in the conduct *through March 2017* when he was eighteen years of age—"On or between August 30, 2016 through March 2017, I knowingly caused KL to place her mouth on my genitalia." Thus, Conn has not demonstrated the Youth Court Act is even applicable and certainly has failed to cast doubt on the fundamental fairness of the proceedings or the integrity of the judicial process. Thus, Conn has failed to establish plain error review of this issue is warranted.

7

¶15 Conn utilizes his Youth Court Act argument to now also assert for the first time on appeal that his prior counsel, Scott, rendered ineffective assistance by failing to inform Conn of his right to a transfer hearing and to inform him of the protections and sentences offered by the Youth Court Act. In assessing ineffective assistance of counsel claims, this Court adopted the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Santoro*, 2019 MT 192, ¶ 15, 397 Mont. 19, 446 P.3d 1141. The defendant must (1) demonstrate that "counsel's performance fell below an objective standard of reasonableness" and (2) "establish prejudice by demonstrating that there was a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *Santoro*, ¶ 15 (quoting *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095). Courts determine deficient performance under the first prong based on "whether counsel's conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow v. State*, 2008 MT 140, ¶ 20, 343 Mont. 90, 183 P.3d 861. "[W]hether counsel's conduct flowed from ignorance or neglect . . . is certainly a relevant consideration in the analysis." *Whitlow*, ¶ 20. "[E]ven if an omission is inadvertent, [however,] relief is not automatic. The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Whitlow*, ¶ 32 (quoting *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 6 (2003). Rather, this Court "must indulge a strong presumption that counsel's conduct falls within the wide

8

range of reasonable professional assistance." *Whitlow*, ¶ 21 (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065); *see also Santoro*, ¶ 15.

¶16 When defendants raise ineffective assistance of counsel claims on direct appeal, we first determine whether the claims are more appropriately addressed in a postconviction relief proceeding. Where the record is silent about the reasons for the attorney's actions or omissions, the issue of ineffective assistance of counsel is more appropriately resolved through postconviction relief. *Santoro*, ¶ 16. Here, the record is completely silent as to the reason for any actions or omissions of Conn's counsel with respect to the Youth Court Act or proceedings thereunder. Thus, we decline to address Conn's claim of ineffective assistance of counsel here in his direct appeal and conclude any claim in this regard is more appropriately addressed through postconviction relief.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶18 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON

9

Justice Jim Rice, concurring in part and dissenting in part.

¶19     I agree with the Court that plain error review of Conn's Youth Court Act claims are not warranted because of the State's ability to have amended the charge to reflect criminal behavior that occurred only after Conn's eighteenth birthday, and because Conn's guilty plea included conduct during that time. Opinion, ¶ 14. In my view, for those same reasons Conn's IAC claim for his counsel's failure to raise the Youth Court Act cannot succeed, and should be affirmed outright. Even if Conn's attorneys erred, he cannot establish that he was prejudiced under the second prong of the *Strickland* analysis.

/S/ JIM RICE