FILED

08/18/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0619

DA 18-0619

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 208N

STATE OF MONTANA,

　　　　Plaintiff and Appellee,

　　v.

MICHAEL PAUL FURBUSH,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Twentieth Judicial District,
　　　　　　　　In and For the County of Lake, Cause No. DC 16-408
　　　　　　　　Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Nick K. Brooke, Smith & Stephens, P.C., Missoula, Montana

　　　　For Appellee:

　　　　　　Timothy C. Fox, Montana Attorney General, Brad Fjeldheim, Assistant
　　　　　　Attorney General, Helena, Montana

　　　　　　Steven Eschenbacher, Lake County Attorney, Polson, Montana

　　　　　　　　　　　　　Submitted on Briefs:　July 29, 2020

　　　　　　　　　　　　　　　　Decided:　August 18, 2020

Filed:

_____
　　　　　　　　Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant, Michael Paul Furbush (Furbush), appeals the August 23, 2018 order of the Twentieth Judicial District Court, Lake County, denying his motion to withdraw his guilty plea and the District Court's Judgment of September 13, 2018, revoking his suspended sentence. We affirm.

¶3 Furbush entered into a written Acknowledgment of Rights and Plea Agreement in which he agreed to plead guilty. On November 16, 2017, during the change of plea hearing, Furbush pleaded guilty to felony theft[1] and the District Court accepted his guilty plea.[2] On February 8, 2018, Furbush was sentenced to a 5-year Department of Corrections (DOC)

---

[1] At the plea change hearing the following exchange occurred between Furbush and his counsel:
> [DEFENSE COUNSEL]: Is it true that on or about February 1 and February 9th, 2016, in Lake County, Montana, you purposely or knowingly obtained or exerted unauthorized control over property that belonged to Richard Krogstad that had the value of more than $1500?
> [THE DEFENDANT]: Yes

[2] The District Court pronounced at the hearing: "I accept the defendant's plea of guilty and find [Furbush] guilty of theft, a felony." Upon this pronouncement from the District Court, Furbush did not object or do anything to advise the court he did not plead guilty, but rather had entered a no contest plea. Further, Furbush did not raise the issue at sentencing and following issuance of the court's written judgment, which specifically stated Furbush was convicted "by plea of guilty to the offense of THEFT," he did not seek any correction of the written judgment.

commitment, with all but 114 days of time served suspended and was given credit for time served for those 114 days. On February 21, 2018, the State filed a petition to revoke Furbush's sentence, and Furbush was arrested. Thereafter, Furbush moved to continue the adjudication hearing four times between March and July 2018. The District Court granted the continuances. At the hearing on Furbush's second continuance, the District Court released Furbush but ordered him to immediately report to Montana Chemical Dependency Center (MCDC). After release, Furbush did not report to MCDC, but rather was arrested in Billings in June 2018. Following this, DOC filed an addendum to the report of violation asserting two additional violations.

¶4 On August 6, 2018, Furbush filed a motion to withdraw his plea.[3] The District Court denied the motion. Following the adjudication hearing on September 6, 2018, the District Court found sufficient evidence to revoke Furbush's suspended sentence and then imposed a 5-year DOC commitment.

¶5 Furbush now appeals denial of his motion to withdraw his plea, asserting he entered a no-contest plea and that he did not understand the ramifications of it. We review a District Court's grant or denial of a motion to withdraw a guilty plea de novo. *State v. Zunick*, 2014 MT 239, ¶ 10, 376 Mont. 293, 339 P.3d 1228. From our review of the record, the District Court did not err in denying Furbush's motion to withdraw his plea. Furbush, working with his counsel, sought out and entered into a written plea agreement in which

---

[3] In the motion, Furbush asserted he had previously entered a no contest plea. The record does not support this characterization. While Furbush indicated he would rather the plea be a no contest plea, he entered a plea agreement which provided he would plead guilty and he then, in fact, pleaded guilty to the felony theft charge.

3

he agreed to plead guilty. Furbush was well aware of the direct consequences of the plea, and there was no evidence of any threats, coercion, or improper promises. He informed the District Court he believed the plea agreement was in his best interest. At his plea change hearing, he pleaded guilty to the felony theft offense, admitted every element of the offense, and he received the benefit of his bargain—a 5-year sentence that suspended all time not previously served. We agree with the State; the record does not support Furbush's attempt to now characterize the nature of his plea as a no contest plea. The record supports the District Court's conclusion he entered a guilty plea made knowingly and voluntarily.

¶6 Furbush also asserts the District Court "erred when it revoked Furbush's suspended sentence based *almost* entirely on testimony that violates the right to confrontation." (Emphasis added.) More particularly, Furbush asserts it was improper for the District Court to rely on the testimony of probation officer Devon McCrae to revoke Furbush's suspended sentence as McCrae lacked personal knowledge of Furbush's conduct and only testified as to what was related to him by other officers. Furbush contends this violated his right to confrontation.

¶7 We review a court's revocation of a suspended sentence for an abuse of discretion. *State v. Cook*, 2012 MT 34, ¶ 12, 364 Mont. 161, 272 P.3d 50. At the adjudication hearing of September 6, 2018, Furbush admitted various violations of the conditions of his suspended sentence. He admitted travel violations—traveling to Billings without permission on February 8, 2018, and again on May 24, 2018, when he was supposed to be reporting to MCDC—and that he failed to report at least a couple of times. Furbush also

4

admitted he had been charged with driving on a suspended license and without insurance.[4] "A single violation of the terms and conditions of a sentence is sufficient to support a court's revocation of that sentence." *Cook*, ¶ 23. The State was not required to produce evidence corroborating Furbush's admissions. From Furbush's admissions alone, the District Court did not err in revoking his suspended sentence.[5]

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

---

[4] In a more general manner, when questioned by his counsel at the adjudication hearing, Furbush admitted overall violation of his probation:

> [DEFENSE COUNSEL]: So you heard [the probation officer's] testimony about you needed to sign up and you could have done a transfer. Would you like to explain to the Court -- rather than going violation by violation, would you like to tell the Court why you've had some struggles on probation and what you would like to see happen with your case?
> [FURBUSH]: First, I can't change what has happened. If I was more educated with what I was suppose [sic] to do, of course I probably would have gone along with everything I was suppose [sic] to. And I would like to see myself, you know, correcting my mistakes and learning from them.

[5] As such, it is unnecessary to consider Furbush's right to confrontation arguments and we decline to do so now.

5